Requestor: Michael A. Stone, Esq., Village Attorney Village of Spring Valley Sen. Gene Levy Municipal Plaza 200 North Main Street Spring Valley, N Y 10977
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village police officer may seek election to the position of mayor or trustee and, if elected, hold the two positions.
Under section 3-300(3) of the Village Law, no person may simultaneously hold an elective and an appointive village office. (In any event, it would appear that the position of village police officer is incompatible with the position of mayor or trustee. 1984 Op Atty Gen [Inf] 84, 103.) The provision does not prohibit an appointive village officer from running for an elective office. It provides that a person may not "simultaneously hold" an elective and an appointive village office. This language only prohibits the dual holding of both positions. 1984 Op Atty Gen (Inf) 120. Therefore, in response to your question, the police officer may run for the office of mayor or trustee but upon election and before taking his oath of office, he must resign from the position of village police officer.
You have also asked whether, assuming the positions are incompatible, the police officer may remove the incompatibility if he waives his salary as mayor or trustee. Under the statute, the receipt of compensation is not a relevant factor. It is the holding of an elective and an appointive office that is prohibited. For the same reason, abstaining from voting on matters affecting the police department will not remove the incompatibility.
We conclude that a person may not hold simultaneously the positions of village police officer and mayor or trustee of a village.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.